UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20040-CR-MARTINEZ/BECERRA

UNITED STATES OF AMERICA,

         Plaintiff,

v.

ANGELO MARTINEZ

         Defendant.

_____/

**ANGELO MARTINEZ'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT (PSI) (DE 53)**

Angelo Martinez, through undersigned counsel, respectfully files his objections to the draft Presentence Investigation Report (hereafter, "PSI"). (DE 53). Mr. Martinez respectfully requests that the Court sustain the following objections:

## I.    FACTUAL OBJECTIONS

### a.  Master of the Vessel (PSI ¶¶ 11, 14)

Mr. Martinez objects to Probation's determination that he was the master of the vessel; and to the facts contained in the PSI that allege that he was identified as the master. Mr. Martinez was merely a crewmember.

## II.    LEGAL OBJECTIONS

### a.  Safety valve (PSI ¶ 18)

Mr. Martinez objects to not receiving a two-level reduction under U.S.S.G § 2D1.1(b)(18) for Safety Valve. Mr. Martinez qualifies for safety valve as he has no criminal history, was not a leader or organizer, did not make any threats or use a

weapon, the offense did not result in death or serious bodily injury, and Mr. Martinez has given a statement of his involvement. Therefore, he qualifies for this reduction

### b. Captain (PSI ¶ 20)

Mr. Martinez objects to Probation's determination that he should receive a 2-level enhancement for acting as the captain, navigator, flight officer or any other operation officer aboard a vessel carrying a controlled substance, under U.S.S.G § 2D1.1(b)(3)(C). First, Mr. Martinez was not the master of the vessel. Second, a master of a vessel for purposes of making a "claim of nationality" for a vessel is not synonymous with the definition of a "pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard." There is no evidence that Mr. Martinez was the navigator, captain, or any other operation officer, and therefore, this enhancement does not apply.

### c. Minimal Role (PSI ¶¶ 14, 22)

Mr. Martinez objects to Probation's recommendation that his offense level not be adjusted for his minimal role in the conspiracy under U.S.S.G. § 3B1.2(a). Pursuant to U.S.S.G. § 3B1.2, the Court should decrease the offense level by 4 if the defendant was a minimal participant in the criminal activity. Because Mr. Martinez's role was limited to transport and following the orders of other participants in a large scale conspiracy (that is not limited to the crewmembers on the boat), Mr. Martinez's role is akin to that of a courier, and he should therefore qualify for a mitigating role adjustment. The minimal role adjustment is intended to cover those who are plainly the least culpable of those involved in the conduct of a group. U.S.S.G. § 3B1.2 App.

2

N. 4. Because of Mr. Martinez's comparative limited culpability, he qualifies for the minimal role adjustment.

Application Note 3(A) to U.S.S.G. § 3B1.2(b) provides guidance for defendants similarly situated to Mr. Martinez: "A defendant who is accountable under U.S.S.G. § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant was personally involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline." The example used provides that a defendant convicted of a drug trafficking offense whose participation was limited to transporting or storing drugs, and who is accountable for only the drugs that he personally transports, may receive a mitigating role adjustment. Mr. Martinez's conduct is analogous to this example.

Moreover, the facts of this particular case, including Mr. Martinez's lack of knowledge or understanding about the scope and structure of the enterprise; and his lack of knowledge or understanding of the activities of the others, are indicative of the role of a minimal participant. *See* U.S.S.G. § 3B1.2.

Mr. Martinez was approached by a person at work about a job offer. The offer proposed that Mr. Martinez and others take cocaine from Colombia to the Dominican Republic. He was told he would be paid once they returned from a successful trip. Mr. Martinez traveled with his co-defendants to the Dominican Republic. Mr. Martinez was tasked with overseeing the safe passage of the load out of Colombia. When Mr. Martinez arrived on the beach in Colombia, the cocaine, along with fuel was already aboard the vessel. Mr. Martinez was not involved in the planning of the conspiracy;

nor did he have any contact with the intended recipients of the drugs in the Dominican Republic.

In determining whether to apply subsection (a) or (b) of the mitigation role adjustment, the Court should consider the facts and totality of the circumstances, including the non-exhaustive list of factors under Commentary Note 3(C). Each of the factors listed weighs heavily towards a determination that Mr. Martinez was a minimal participant. Mr. Martinez had no understanding or knowledge of the scope and structure of the criminal activity; he had no part in the planning of organizing of the criminal activity; he had no decision-making authority; his participation was limited to assisting with transportation as a crewmember and he had no discretion in performing those acts. He, like the example provided in Commentary Note 3(C), did not have any proprietary interest in the criminal activity was simply being paid to perform certain tasks.

Mr. Martinez was less culpable than any of the sellers, buyers, and distributors on each end of the conspiracy. He did not take part in the cultivation, the harvesting, or the packaging of the drugs. He did not transport the drugs from the seller to the boat. When he arrived, the drugs were already loaded onto the boat. He was not part of the plan to unload the drugs; he was not part of the plan to buy the drugs; and he was not part of the plan to distribute the drugs. He did not make any of the transport arrangements. Accordingly, he should receive the benefit of a 4 level reduction as a result of his relatively limited culpability.

For the foregoing reasons, Mr. Martinez respectfully requests that this Honorable Court sustain his objections to the PSI.

**Respectfully,**

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: */s/Bunmi Lomax*
　　　Assistant Federal Public Defender
　　　Special A No. A5501975
　　　150 West Flagler Street, Suite 1700
　　　Miami, Florida  33130
　　　Tel: 305-530-7000
　　　Bunmi_Lomax@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **August 18, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Bunmi Lomax*