**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CR-20040-MARTINEZ**

**UNITED STATES OF AMERICA**

**vs.**

**JUSTO ELIAS MATOR PENA,**

  **Defendant.**

_____/

## AMENDED OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT

Defendant, **JUSTO ELIAS MATOR PENA**, by and through undersigned counsel, files his

Objections to the Pre-Sentence Investigation Report ("PSR") as follows:

**OBJECTION TO PART A. THE OFFENSE:**
**The Offense Conduct – PARAGRAPH 6**

Defendant objects to the facts stated in the PSR as it goes beyond what was stipulated to in

the factual proffer.  Both parties agreed that a United States Customs and Border Protection (CBP)

Marine Patrol Aircraft (MPA) detected a go-fast vessel (GFV) approximately 158 nautical miles

southeast of Isla Beata, Dominican Republic.

**OBJECTION TO PART A. THE OFFENSE:**
**Role Assessment - PARAGRAPH 10**
**Adjustment for the Role in the Offense – PARAGRAPH 19**

Defendant objects to the conclusion that a mitigating role adjustment is not applicable and

adopts the arguments made by co-defendant Eric Manuel Suero Terrero. In further support,

Defendant objects to not receiving a two (2) - level mitigating role adjustment for his participation

on the conspiracy, pursuant to U.S.S.G. § 3B1.2.  Under the factual determination evaluation

provided by Application Note 3(C) and Application 4[1] of § 3B1.2, Defendant is deserving of a minor role, a two (2) - level reduction, after a totality of the circumstances determination of the facts of this particular case is taking into consideration.  Defendant did not have a clear understanding of the scope and structure of the criminal activity.  He had no degree of participation in planning or organizing the criminal activity as well as no decision making authority. In addition, Defendant had no influence on anyone else that had decision making authority.  Defendant's participation in the commission of the criminal activity was to assist in getting the vessel to its intended destination, a destination not of Defendant's choosing.  Defendant exercised no control of the cocaine prior to it being placed on board the vessel.  In fact, Defendant never handled the cocaine.  Defendant had no discretion in his level of participation upon agreeing to participate in the voyage.

**OBJECTION TO PART A. THE OFFENSE:**
**Adjustment For Acceptance of Responsibility - PARAGRAPH 24**

Defendant objects to not receiving a third level reduction for acceptance of responsibility, pursuant to § 3E1.1(b).  Not only has Defendant clearly demonstrated his acceptance of

---

1 § 3B1.2, Application 3(C): (C) Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; (v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

responsibility, but he did so in a timely manner therefore qualifying him for a three level reduction for acceptance of responsibility upon government's motion.

## OBJECTION TO PART A. THE OFFENSE:
### Total Offense Level – PARAGRAPH 25

Defendant adopts previous objections to paragraph 24.  The total offense level offense should be a thirty-three (33).

## OBJECTION TO PART C. OFFENDER CHARACTERISTICS:
### Employment Record – PARAGRAPH 50

Defendant objects as Defendant's weekly income is misstated.  Defendant makes 900 to 1200 Dominican pesos a week which is roughly is estimated to $70 to $90 U.S. Dollars per month.

## OBJECTION TO PART D. SENTENCING OPTIONS:
### Guideline Provisions – PARAGRAPH 56

Defendant adopts the previous objections to the PSR listed above to paragraphs 24 and 25. Defendant's total offense level is thirty-three (33).  The guideline imprisonment range is one hundred and sixty-eight (168) to two hundred and ten (210) months.

## OBJECTION TO PART E.
### FACTORS THAT MAY WARRANT DEPARTURE: PARAGRAPH 65

Defendant objects to this conclusion as it flies in the face of the information contained in this very PSR and contrary to law pursuant to 18 U.S.C. § 3553 that states the factors the Court must consider when fashioning an appropriate sentence.

**Law Office of Robert M. Perez, P.A.**
*Counsel for Defendant*
3162 Commodore Plaza, Suite 3E
Coconut Grove, Florida 33133
(305) 598-8889 - Office
(305) 397-2733 - Facsimile
E-mail: rperez@rmplawpa.com

**S/Robert M. Perez..................**
**ROBERT M. PEREZ**
Florida Bar Number: 477494

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 24th day of August, 2022.

**S/Robert M. Perez..................**
**ROBERT M. PEREZ**